# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL WORLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-713-G |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## ORDER

On June 20, 2019, the Court entered an Order and a Judgment reversing the decision of the Social Security Administration ("SSA") and remanding this case for further proceedings. *See* Doc. Nos. 25, 26. Now before the Court is Plaintiff Michael Worley's Motion for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. §§ 2412 et seq. *See* Pl.'s Mot. (Doc. No. 27) and Pl.'s Br. (Doc. No. 28). Defendant has responded. *See* Doc. No. 29.

I. *Attorney Fee Awards Under the EAJA*

Section 2412(d) of the EAJA provides that a prevailing party other than the United States shall be awarded reasonable fees in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). The "position of the United States" includes not only the position taken by the government in the present civil action

---

[1] The current Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined based on the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

## II. Discussion

### A. Whether Plaintiff Is the Prevailing Party

As noted above, the Court previously reversed the Commissioner's decision denying Plaintiff's applications for disability insurance benefits and supplemental security benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" for purposes of the EAJA. *See* J. at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

### B. Whether the Government's Position Was Substantially Justified

In the administrative proceedings below, the administrative law judge ("ALJ") erred in various ways with respect to his consideration of evidence and medical opinions

regarding Plaintiff's neuropathy and its functionally limiting effects, resulting in a residual functional capacity determination that was not supported by substantial evidence. *Worley v. Comm'r of Soc. Sec.*, No. CIV-18-713-G, 2019 WL 2553298, at *2-3 (W.D. Okla. May 1, 2019) (R. & R.), *adopted*, 2019 WL 2552223 (June 20, 2019). The Court found that reversal was required on this basis and declined to address other propositions of error raised by Plaintiff. *See id.* at *3 (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003)).

Defendant does not argue, and thus has not shown, that the United States' position before the SSA and this Court was substantially justified. *See* Def.'s Resp. at 1 ("[T]he Commissioner does not object to Plaintiff's request on substantial justification grounds."); 28 U.S.C. § 2412(d)(1)(A), (d)(1)(B), (d)(2)(D).

*C. Plaintiff's Requested Hourly Rate*

An attorney's fee award under the EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A). Plaintiff has requested an upward adjustment of this statutory rate to $202.00 per hour for services performed in 2018 and $204.00 per hour for services performed in 2019. Defendant does not challenge the hourly attorney fees requested by Plaintiff. *See* Def.'s Resp. at 1.

The Court takes judicial notice of the fact that SSA's Office of General Counsel ("OGC") in Denver has agreed as a matter of policy that $197.00 is a reasonable hourly rate for attorney work performed in 2017, that $202.00 is a reasonable hourly rate for attorney work performed in 2018, and that $204 is a reasonable hourly rate for attorney

3

work performed in 2019, on Social Security cases in the Western District of Oklahoma. *See* Pl.'s Br. Ex. 1, Mem. from Denver OGC Office Regarding Soc. Sec. Litig. in Okla. & N.M. (Aug. 14, 2019) (Doc. No. 28-1). Plaintiff therefore is entitled to an upward adjustment of the statutory rate consistent with the evidence provided.

The Court notes, however, that Plaintiff seeks fees for 22.55 attorney hours billed in 2018 but his billing statement reflects only 21.05 attorney hours billed in that year. *See* Pl.'s Mot. Ex. 1, at 1-2. Accordingly, Plaintiff's award will be reduced by $303.00 (1.5 fewer hours x $202.00 hourly rate).

Plaintiff also may recover "paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Plaintiff requests an hourly rate of $110.00 for paralegal work performed in 2018 and 2019. *See* Pl.'s Mot. Ex. 1 (Doc. No. 27-1) at 1-3. Defendant does not object to this proposed hourly rate, and the Court finds that it is consistent with the prevailing market rates in the Western District of Oklahoma for this time period. *See Vincent v. Berryhill*, 247 F. Supp. 3d 1228, 1233 (W.D. Okla. 2017); *Prince v. Berryhill*, No. CIV-15-933-G, 2018 WL 1249908, at *3 (W.D. Okla. Mar. 9, 2018).

### D. Whether Plaintiff's Fee Request Is Reasonable

The Court is aware of no special circumstances that would make an award of attorney's fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Thus, the only remaining issue is the reasonableness of Plaintiff's adjusted fee request, which totals $5723.90. *See id.* § 2412(d)(1)(A), (d)(1)(B), (d)(2)(A). In exercising good billing judgment, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that

are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Presley v. Shinseki*, No. 12-1961-E, 2014 WL 2069643, at *2 (Vet. App. May 20, 2014).

Defendant argues that the 4.2 hours of paralegal time billed should be entirely disallowed because the hours include "clerical or administrative tasks" that "require[] no legal expertise." Def.'s Resp. at 5. The Court disagrees. The billing statement reflects that the paralegal time was spent on tasks such as drafting client correspondence and editing documents, including legal briefs, for this lawsuit. *See* Pl.'s Mot. Ex. 1, at 1-2. Although courts' treatment of paralegal duties does vary, these litigation-related tasks are not merely clerical in nature and are within the scope of reimbursable paralegal work. Disallowance of all paralegal time is not warranted.

## CONCLUSION

Having considered the parties' arguments as well as the relevant record, the Court concludes that: (1) Plaintiff is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that make an award of fees unjust in this case; and (4) the amount of the fee requested, as adjusted herein, is reasonable. The Court therefore GRANTS Plaintiff's Motion (Doc. No. 27) and awards attorney's fees under the EAJA in the amount of $5723.90, with said amount to be paid directly to Plaintiff and sent in care of Miles Mitzner, P.O. Box 5700, Edmond, Oklahoma 73083-5700. If attorney's fees are also awarded under 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 30th day of October, 2019.

CHARLES B. GOODWIN
United States District Judge